IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**EDWIN IKECUHWU EJIKEME**, )
)
      Plaintiff, )
)
      v. )      2:15cv8
)      **Electronic Filing**
**ROBERT MUELLER, III,** )
Director of United States Federal Bureau )
of Investigation and his associates including )
his replacement if any and )
**ESPERANTE S. TOVI,** FBI Agent, )
)
      Defendants. )

## MEMORANDUM

Edwin Ikecuhwu Ejikeme ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to establish that the director of the Federal Bureau of Investigation and certain FBI agents acting at his direction have undertaken a campaign of harassment against plaintiff. The campaign has included investigating plaintiff for spreading HIV through the use of a spy satellite broadcasting system. Complaint (Doc. No. 1-1) at ¶ 23. Director Mueller has "promised the world that [plaintiff] must die on spy satellite." Id. at 28. Mueller has enlisted the help of Esperante S. Tovi, an individual who lives in plaintiff's building, to investigate plaintiff for "sorcery" and she has specifically shouted at plaintiff "that she is an FBI agent and has [a] warrant to assassinate [him]." Id. at ¶¶ 1-4.

Plaintiff has submitted four amendments to the complaint identifying additional harassment plaintiff has experienced, such as receiving communications on the "spy satellite" and receiving harassment in the form of being constantly accused of having AIDS. "Additional Complaint" (Doc. No. 2). In addition, numerous personal items have been stolen from plaintiff

such as his keys and his nose hair clippers. "Additional Complaint Number Two" (Doc. No. 3) at ¶¶ 1-2; "Additional Complaint Number three" (Doc. No. 4) at ¶ 1. Plaintiff believes that the "FBI is destroying [him] slowly with radiation." Id. at p. 2. Among other things, plaintiff requests the court to enjoin the FBI from having an agent live in the same building where he lives and to stop stealing his engineering reference materials. Id.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted. It is replete with factual contentions that are fanciful. In addition, it fails to set

---

[2]This provision is now codified at §1915(e)(2)(B)(i).

forth a coherent theory for legal relief.  It follows that the complaint is based on fanciful allegations and is grounded in indisputably meritless legal theory.  Accordingly, the "complaint" will be dismissed as legally frivolous.  Appropriate orders will follow.

 s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Edwin Ikecuhwu Ejikeme
P. O. Box 71334
Pittsburgh, PA  15213

(*Via First Class Mail*)